IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BART WOODARD                                                                           PLAINTIFF

v.                              Civil No. 6:23-CV-06098-SOH-MEF

WELLPATH, LLC,
THOMAS DANIEL, M.D.,
CYRSTAL McCOY, MS. HARRIS, and
NANETTE VOWELL                                                                       DEFENDANTS

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  Currently before the Court is Plaintiff's Motion to Remand this case back to the 7th Judicial Circuit Court for Hot Spring County, Arkansas.  (ECF No. 7).

Plaintiff is currently incarcerated in the Arkansas Division of Correction ("ADC"), Ouachita River Unit.  Plaintiff originally filed his Complaint in the Seventh Judicial Circuit Court, Division One, in Hot Spring County, Arkansas on May 12, 2023, in *Bart Woodard v. Thomas N. Daniel, et al.*, Case No. 30CV-23-153.  He later filed an Amended Complaint in the case on June 26, 2023.[1]  Defendants Wellpath, Daniel, McCoy and Vowell filed a Notice of Removal to this Court on September 11, 2023.  (ECF No. 1).  Notice that the filing fee was paid was entered on September 14, 2023.  The Court entered an Initial Scheduling Order on September 27, 2023.  (ECF No. 6).

---

[1] Available at Arkansas Court Connect (last accessed Dec. 7, 2023).

Plaintiff filed his Motion to Remand to Circuit Court on October 2, 2023. (ECF No. 7). Plaintiff states he filed the case in state court because his case was based on the state law claims of "ignorant malpractice and breach of contract." (*Id*. at 1). He states the removal was done with no notice or any chance for him to protest the removal, and he repeatedly characterizes it as "ambush litigation." (*Id*. at 1-2). He argues that negligence and malpractice do not violate the Constitution of the United States.[2] (*Id*. at 7). He further notes that many facts can establish malpractice or negligence but may not establish deliberate indifference. (*Id*. at 8). He asks the Court to remand his case back to the state court where he filed it. (*Id*. at 9). Defendants did not file a Response to Plaintiff's motion, and the time to do so has passed.

Based upon a review of the Plaintiff's Complaint and Amended Complaint (ECF Nos. 3, 3-1), which assert only state law claims, this Court lacks subject-matter jurisdiction for Plaintiff's claims against the Defendants. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015); *see also* 28 U.S.C. § 1331. "The general rule — known as the "well-pleaded complaint rule"— is that a complaint must state on its face a federal cause of action in order for the action to be removable on the basis of federal-question jurisdiction." (*Id*.).

Nothing in either Plaintiff's original Complaint or his Amended Complaint indicates that he was asserting a federal cause of action. Plaintiff complains of his medical care from Defendants

---

[2] Plaintiff also raises a number of arguments concerning mailroom difficulties involving the ADC mailroom, as well as the timing of the removal. He further argues the document transfer was incomplete, as motions and pages from his state court filings are missing.

during his incarceration in the ADC. While some of Plaintiff's claims could have conceivably been brought under 42 U.S.C. § 1983 for violation of his Eighth Amendment rights, the Plaintiff clearly chose not to do so. Woodard is no stranger to bringing Section 1983 claims in federal court,[3] and in this case he went to some length to make it clear that he intended to allege only state law tort and contract claims. The Complaint is labelled "Lawsuit Ignorant Medical Malpractice, Gross Negligence, Breach of Contract." (ECF No. 3 at 1). The Amended Complaint is labelled "Appellant's Amendment to (as of course) The Original Suit for Ignorant Medical Malpractice, Gross Negligence, Breach of Contract." (ECF No. 3-1 at 1). Throughout both documents, Plaintiff makes no reference to any federal constitutional rights or federal statutes.[4] He does, however, reference intentional negligence elements (ECF No. 3 at 7), Arkansas supreme court cases (*Id*. at 14, 22), and ordinary standards of medical care (*Id*.). In his Motion to Remand, Plaintiff distinguishes medical malpractice and negligence from the deliberate indifference standard used for analysis of Eighth Amendment claims. (ECF No. 7 at 8). He also states negligence and malpractice do not violate the Constitution of the United States. (*Id*. at 7). Thus, Plaintiff brought an action in state court which he expressly intended as one to assert only state tort and state contract claims.

Defendants' Notice of Removal does not address these issues. Instead, it merely characterizes Plaintiff's allegations in both Complaints as stating that his "*rights* in care and treatment" have been violated. (ECF No. 1 at 1) (emphasis added). As Defendants are the parties seeking removal, they "bear the burden of proving the jurisdiction threshold is satisfied." *Bell v.*

---

[3] In this District, see Case Numbers 6:17-cv-06113, 6:17-cv-06126, 6:18-cv-06013, 6:19-cv-06021, and 6:21-cv-06003.
[4] Plaintiff makes a passing reference to the Americans with Disabilities Act, but he does not appear to base any claim on that reference.

3

*Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). Defendants have not met their burden. Defendants also failed to respond to Plaintiff's Motion to Remand. Pursuant to Local Rule of Civil Procedure 7.2(f), failure to timely respond to any nondispositive[5] motion "shall be an adequate basis, without more, for granting the relief sought in said motion."

Accordingly, it is recommended that Plaintiff's Motion to Remand to Circuit Court (ECF No. 7) be GRANTED.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of December 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

---

[5] The Eighth Circuit does not appear to have addressed the question of whether a motion to remand to state court is a dispositive or nondispositive motion. At least two District Courts within the Eighth Circuit, however, have found that a motion to remand is nondispositive. *See Harter v. Am. Fam. Mut. Ins. Co.*, No. 4:18 CV 1290 DDN, 2018 WL 10498463, at *2 (E.D. Mo. Oct. 3, 2018) (citing *Banbury v. Omnitrition Intern. Inc.*, 818 F. Supp. 276, 279 (D. Minn. 1993)).